■ In the Matter of the Claim of MARY J. THOUSAND, Appellant, v ONONDAGA COUNTY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [664 NYS2d 390] —Appeal from a decision of the Workers' Compensation Board, filed May 31, 1996, which ruled that the death of claimant's decedent was not causally related to an established injury and denied her claim for workers' compensation benefits.

The Workers' Compensation Board determined that the death of claimant's decedent was not causally related to decedent's established right shoulder injury and therefore denied the application by claimant, decedent's widow, for workers' compensation death benefits. Although there was no dispute that decedent's death on April 16, 1986 was caused by metastatic lung cancer, claimant's medical expert opined that decedent's January 10, 1986 work-related shoulder injury had hastened decedent's death and was therefore causally related to it. The experts of the self-insured employer concluded that there was no causal relationship, a conclusion also reached by an impartial expert upon his examination of the Workers' Compensation Board file. Given the Board's broad discretion in assessing the weight to be given to conflicting medical testimony (*see, Matter of Connelly v Connelly Assocs.*, 241 AD2d 572), where, as here, substantial evidence supports the Board's decision, its decision must be affirmed.

Mikoll, J. P., Crew III, White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.